STATE OF VERMONT

SUPERIOR COURT			CIVIL DIVISION
Franklin Unit			DOCKET NO. 319-9-19Frcv

SCOTT JOBBER,
Plaintiff

v.

PLUMROSE USA, INC.
Defendant.

RECEIVED
OCT - 9 2019
2:19-cv-169
U.S. DISTRICT COURT
BURLINGTON, VT

Vermont Superior Court
SEP - 3 2019

FILED: Franklin Civil

**COMPLAINT**

NOW COMES the Plaintiff Scott Jobber, by and through his attorney, Andrew H. Montroll, Montroll, Backus & Oettinger, PC, and complains of the Defendant, Plumrose USA, Inc. as follows:

PARTIES

1. Plaintiff, Scott Jobber, is a former resident of the Town of Fairfield, Franklin County, Vermont and is a current resident of Fayetteville, North Carolina.

2. Defendant Plumrose USA, Inc. ("Defendant" or the "Company") is registered to do business in Vermont as a foreign profit corporation and its primary place of business in Vermont is located in Town of Swanton, Franklin County, Vermont.

BACKGROUND

3. The Company is one of the largest meat processing and packing companies in the country. The Company prepares barbeque pork ribs at its Vermont facility in Swanton.

4. Mr. Jobber worked at the Company's facility in Swanton, Vermont for over seven years, serving as the plant manager for approximately five and half years.

1

5. During Mr. Jobber's tenure as the plant manager, the Swanton facility had an excellent production and safety record.

6. Mr. Jobber always received very high marks from both the employees at the plant as well as from upper management.

7. Mr. Jobber's outstanding work at the Swanton plant is reflected in his most recent employee evaluation for 2018. Comments contained in the 2018 evaluation include

   - "Scott delivers, and honors agreements. He is organized, and doesn't make excuses."

   - "He is determined to deliver good results when it applies to Swanton."

   - "Scott is relentless in delivering on his commitments."

   - "Outstanding team member."

   - "Scott is the leader at Swanton, but is also seen as one of the team."

   - "Great job of keeping things direct, simple and to the point."

   - "Scott owns all things rib at Swanton."

   - "Scott fully understands all parts of the Swanton operation, including support functions."

   "Scott is open and honest in his communications and reporting."

8. After returning from vacation in early 2019, Mr. Jobber learned that some employees at the Swanton plant (including the plant's human resources supervisor) were acting in unprofessional ways, including making unacceptable sexual references.

9. As stated in the Employee Handbook, Mr. Jobber was required to take immediate action to deal with the situation. This is exactly what he did.

10. Immediately upon learning of these unprofessional and sexual harassment activities, Mr. Jobber reported it to the Company's corporate human resources department.

2

11. After investigating the reported events, the Company supported Mr. Jobber's finding.

12. However, even though the Company acknowledged that Mr. Jobber had not been involved in the unprofessional behavior, it nevertheless blamed him for these activities.

13. The Company thereby provided Mr. Jobber with a verbal warning and then a write-up dated January 25, 2019 in which the Company placed responsibility for the unprofessional behavior upon Mr. Jobber.

14. Although the Company misplaced blame for these activities on Mr. Jobber, Mr. Jobber nevertheless worked with the other employees at the Swanton plant to improve their professional performance and to forbid any form of sexual harassment.

15. Despite these efforts, some employees once again engaged in these unprofessional and sexual harassment activities.

16. While no one can control another person's behavior, as soon as Mr. Jobber learned of these renewed behaviors, he again immediately reported them to the Company's corporate human resources department as he was required to do.

17. Shortly after Mr. Jobber reported the renewed unprofessional and sexual harassment behavior by other employees at the Swanton plant, including by the Swanton plant's human resources supervisor, the Company summarily fired Mr. Jobber.

18. Upon information and belief, the Company fired Mr. Jobber because he reported the unprofessional and sexual harassment behavior that was taking place at the Swanton plant.

19. In so firing Mr. Jobber, the Company violated the Vermont unlawful employment practice statutes that prohibit an employer from discharging an employee who lodges

Vermont Superior Court
SEP - 3 2019
FILED: Franklin Civil

a complaint of discriminatory acts. Likewise, the Company violated the Employee Handbook, which provides that "Retaliation against individuals who raise concerns of all forms of violence and harassment, including sexual harassment is strictly prohibited."

## COUNT 1 – RETALIATORY DISCHARGE

20. Mr. Jobber realleges paragraphs 1 through 19 hereof.

21. The Company fired Mr. Jobber in retaliation for his reporting unprofessional and sexual harassment behavior at the Swanton plant in violation of applicable law.

## COUNT 2 – BREACH OF CONTRACT RETALIATORY DISCHARGE

22. Mr. Jobber realleges paragraphs 1 through 21 hereof.

23. The Company's employee handbook serves as a contract between the Company and its employees.

24. The Company's employee handbook requires that supervisors and managers "take immediate action to deal promptly with situations involving harassment."

25. The Company's employee handbook also provides that "Retaliation against individuals who raise concerns of all forms of violence and harassment, including sexual harassment is strictly prohibited."

26. Mr. Jobber complied with the applicable provisions of the employee handbook by reporting the unprofessional and sexual harassment behavior that was taking place at the Swanton plant to the Company's human resources department.

27. Upon information and belief, the Company fired Mr. Jobber because he reported the unprofessional and sexual harassment behavior that was taking place at the Swanton plant, all in breach of the employee handbook.

Vermont Superior Court
SEP - 3 2019
FILED: Franklin Civil

## COUNT 3 – BREACH OF CONTRACT
## FAILURE TO COMPLY WITH DISCIPLINARY PROCESS

28. Mr. Jobber realleges paragraphs 1 through 27 hereof.

29. The Company's employee handbook includes the Company's rules for imposing discipline on employees up to and including termination.

30. The disciplinary process set forth in the employee handbooks includes four different stages: Corrective Counseling/Verbal Warning, Written Warning, Suspension or Final Warning, and Discharge.

31. The Company provided Mr. Jobber with a verbal warning and a written warning regarding the unprofessional behavior and sexual harassment of other employees taking place at the Swanton facility.

32. The Company did not provide Mr. Jobber with a final warning as required by the employee handbook.

33. The Company breached the employee handbook when it fired Mr. Jobber because the Company failed to provide him with a final warning as required by the employee handbook.

WHEREFORE Plaintiff requests all appropriate legal and equitable relief including without limitation, compensatory damages, punitive damages, attorney's fees and such other relief that the Court deems is just and proper together with interest and costs.

Vermont Superior Court
SEP - 3 2019
FILED: Franklin Civil

Dated at Burlington, Vermont this 30th day of August, 2019.

                                            Montroll, Backus & Oettinger, P.C.

By: _____
     Andrew H. Montroll, Esq.
     126 College Street, Suite 400
     P.O. Box 1045
     Burlington, VT 05402
     (802) 540-0250
     amontroll@mblawoffice.com

     Attorneys for the Plaintiff,
     Scott Jobber

**Vermont Superior Court**

**SEP - 3 2019**

**FILED:** Franklin Civil